UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BOBBY JOE WADDLE # 157508; ) | |
| JAMES TIPTON # 151096[1] ) | |
| ) | |
| v. ) | NO. 2:05-CV-182 |
| ) | |
| GOVERNOR PHIL BREDESEN, ) | |
| SHERIFF ED GRAYBEAL, ) | |
| WASHINGTON COUNTY, TENNESSEE, ) | |
| WASHINGTON COUNTY DETENTION ) | |
| CENTER, and BRENDA DOWNS ) | |

## MEMORANDUM and ORDER

State prisoners Bobby Joe Waddle and James Tipton bring this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that they were subjected to unconstitutional conditions of confinement while they were confined in the Washington County Detention Center (WCDC), in Jonesborough, Tennessee.[2]

Each plaintiff is **ASSESSED** a pro rata share of $125.00 of the full civil filing fee ($250.00). 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiffs' inmate trust accounts at the institution where they now reside shall submit, as an initial partial payment, whichever is the greater of:

---

[1] Though, originally, James Tipton was not considered to be a plaintiff in this lawsuit, he is now deemed to be a plaintiff because he has submitted an *in forma pauperis* application and has signed the complaint.

[2] The plaintiffs presently are imprisoned in the Brushy Mountain State Prison in Petros, Tennessee.

> (a) twenty percent (20%) of the average monthly deposits to each plaintiff's inmate trust account;
>
> or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of each plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until each plaintiff has paid his $125 share of the filing fee to the Clerk's Office.[3] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiffs are confined, and to Gayle Ray, Acting Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).

---

[3] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

Nevertheless, a complaint need not be dismissed for failure to exhaust, if the screening of the complaint shows that the allegations do not state a claim in the first place.[4] *Id.* at 1104.

In the "Statement of Claim" section of the complaint, the plaintiffs assert their claims as follows:

> The Jail is greatly overcrowded, denied law library, denied grievance procedure, suffered reprisal, and sanitary and food is terrible. This affects all state inmates here....

In the relief section of the complaint, the plaintiffs also allege that the medical care provided at the WCDC is "awful;" that the law library is "off limits;" that the authorities will not make photocopies of prisoners' legal documents; that inmates are drinking out of a toilet sink; and (by inference) that inmates are sleeping on the floor because the facility has exceeded its inmate population capacity. For ease of discussion, the claims have been divided into categories of claims.

1) **Conditions of confinement claims.**

The plaintiffs claim that the WCDC is overcrowded and that the food and "sanitary" is terrible.

Overcrowding, in and of itself, is not unconstitutional. *Owens v. Campbell*, 198 F.3d 246, 1999 WL 1023690, *1 (6th Cir. Nov. 5, 1999)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). Of course, if overcrowded conditions cause an inmate to be denied the

---

[4] The Court must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

3

minimal civilized measure of life's basic needs, such as food, warmth, or exercise, this would run afoul of the Eighth Amendment to the United States Constitution. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). Here, the plaintiffs have not demonstrated the deprivation of a single, identifiable human need to sustain their confinement-conditions claims.

Prison officials must provide a reasonably adequate diet to prisoners; serving food which does not contain nutritional and caloric content necessary to sustain a prisoner's normal health amounts to cruel and unusual punishment and violates the Eighth Amendment. *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977). The allegation made here is that the food is "terrible," not that it is nutritionally inadequate to permit the plaintiffs to maintain their physical well-being. Contentions about the quality of food are far removed from constitutional concerns. *Id.*, at 659-60. The terrible-food claim does not state a cognizable § 1983 claim. Food must also "be prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 57071 (10th Cir. 1980). To the extent that the plaintiffs are referring to the food by contending that "sanitary and food is terrible," they have not provided any facts to show that the food they were furnished was prepared and served under conditions which endangered their health and well being. Bald, factually-undeveloped allegations fail to state a claim entitling a plaintiff to relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

In a related claim, the plaintiffs contend that inmates are "drinking out of a toilet sink" (whatever that is). First of all, there is no allegation that they themselves are drinking from

4

a toilet sink. The plaintiffs have standing to assert his own rights, not the rights of other inmates. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). This claim could only be asserted if the plaintiffs could show any personal injury sustained as a result by drinking out of a toilet sink. *Baker v. Carr*, 369 U.S. 186, 204 (1962). They have not done so.

Moreover, this contention has no factual underpinning. For example, the plaintiffs have not alleged whether the "toilet sink" is the only available source of drinking water; whether (and when and whom) they asked for water to drink; and if so, whether they were refused. Nor is there any explanation of the meaning of "toilet sink." (A sink used for a toilet? A toilet used as a sink?) As previously noted, claims must be supported by allegations of fact because bare contentions fail to state a claim under § 1983. *Morgan*, 829 F.2d at 12.

    2) **Medical claim**.

Another claim is that "the medical is awful." Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). In this case, the plaintiffs have not alleged that they have *any* medical need, let alone a serious one. Thus, they fail to state an Eighth Amendment claim for denial of medical care.

    3) **First Amendment claims**.

In the first claim in this category, the plaintiffs maintain that they have been denied a grievance procedure. This allegation does not state a § 1983 claim either because there is

5

no inherent constitutional right to an effective prison grievance procedure. *Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994).

They also assert that the law library is "off limits" and that inmates cannot obtain copies of legal documents. While there is no freestanding right to a law library, *Lewis v. Casey*, 518 U.S. 343, 351 (1996), a prisoner has a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). To show a denial of this right of access, the plaintiffs must demonstrate prejudice in their pursuit of a nonfrivolous lawsuit. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Because the plaintiffs have alleged no prejudice or actual injury resulting from limitations in law library usage, these assertions also fail to state a claim under § 1983.

The next claim is that, when plaintiff Waddell requested information forms and grievance forms, he was locked down in the floor as a form of reprisal for his request. An inmate has a First Amendment right to file grievances against prison officials, so long as the grievance is not frivolous. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001). Prison officials who retaliate against a prisoner for engaging in protected conduct violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Here, however, plaintiff Waddell has not identified any of the defendants (or anyone else, for that matter) as the person(s) who engaged in the alleged act of retaliation nor specified the date of the occurrence. Thus, his contention is conclusory and it too fails to state a claim for relief.

4) **Physical injury requirement**.

Finally, a prisoner in a correctional facility who files a federal civil action cannot recover on the basis of mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997(e)(e). While the plaintiffs, who seek only monetary damages, have alleged that they have suffered hardship and pain as a result of the above conditions and events, they have not alleged a physical injury. Thus, they cannot recover damages in this action.

A separate order will enter dismissing this case for failure to state a claim entitling the plaintiffs to relief under § 1983. 28 U.S.C. § 1915(e)(2).

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

7